THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY *vs.* WILCOXON, administrator.

The constitution of 1877, which provides that in a county where there is a city court, the judge thereof and of the superior court "may preside in the courts of each other in cases where the judge of either is disqualified to preside," does not give the right to the judge of a city court to exercise chancery powers and to grant or refuse injunctions in vacation, no order being taken in term time for the determination of the case in vacation.   Rulings so made by him are mere nullities.

Jurisdiction.   Courts.   Injunction.   Before Judge LESTER.   Fulton County.   At Chambers.   January 26th, 1880.

Wilcoxon, administrator, filed his bill to marshal the assets of the estate, and for injunction against the sheriff of Fulton county, and the Northwestern Mutual Life Insurance Company and others.   The immediate purpose was to enjoin the sheriff from selling certain real estate under a mortgage *fi. fa.* in favor of the Northwestern Mutual Life Insurance Company against complainant's intestate.   Judge Hillyer, of the Atlanta circuit, being disqualified, the bill was presented to Judge Grice, of the Macon circuit, who sanctioned it, and granted a temporary restraining order until the application for injunction could be heard.   The defendant, the insurance company, answered the bill.   The case was heard before Judge Richard H. Clark, of the city court of Atlanta, and the injunction denied.

The hearing was had during the term of Fulton superior court, but no decision rendered until vacation, when, by request of both parties, it was delivered.

The sheriff proceeded to sell. Wilcoxon, administrator, then applied to Judge George N. Lester, of the Blue Ridge circuit (Judge Hillyer being disqualified), for an injunction against said sheriff and the Northwestern Mutual Life Insurance Company, setting up in his said bill that the temporary restraining order granted by Judge Grice had never been dissolved, or the case determined by any qualified judge of said state having jurisdiction. Judge Lester sanctioned the bill, and granted a temporary restraining order until the application for injunction could be heard. The defendant answered the bill, setting up Judge Clark's refusal to grant the injunction. Upon the hearing Judge Lester granted the injunction prayed for, holding that Judge Clark had no jurisdiction to render his judgment in said case in vacation. The insurance company excepted.

B. H. HILL & SON, for plaintiff in error.

JOHN A. WIMPY; HOPKINS & GLENN, for defendant.

JACKSON, Justice.

The sole question is whether the judge of the city court of Atlanta had the power, under the constitution of 1877, to grant an injunction when the judge of the superior court was disqualified, and when the superior court was not in session, and when the judge of the city court consequently was not presiding therein, and when no order had been taken in term, when the city judge did preside, to hear and determine the case in vacation?

The question must be settled by the words of the fifth section of the sixth article of the constitution of 1877, which are as follows: " In any county within which there is, or hereafter may be, a city court, the judge of said court, and of the superior court, may preside in the courts of each other, in cases where the judge of either is disqualified to preside." Supplement to Code, §627. No act of the legis-

lature has been passed to carry this clause into effect, and it must be construed by its own words. Those words only grant the power to the judge of the city court to preside when the judge of the superior court is disqualified, and they cannot be fairly construed to give the city judge all the chancery powers of the superior court judge, at chambers, without extending their import and plain meaning beyond what they will bear. He may preside in the superior court when the judge of that is disqualified ; he may sit and hear any such case, ripe for hearing, in term ; he may, while presiding in such case, pass any order which the judge of the superior court could pass in term ; he becomes the impersonation of the superior court for that case during the term, and may exercise the powers of that court then and there while sitting on that bench ; but when that court adjourns, or he is not presiding therein, he becomes merely a city court judge, and the chancery powers of a superior court judge have passed from him. The judge of the superior court was right, therefore, to disregard the ruling made by him at chambers, and the judgment is affirmed.

Judgment affirmed.