THE EAST TENNESSEE, VIRGINIA AND GEORGIA RAILROAD *vs.* WHITLOCK, and *vice versa*; McCULLOUGH *vs.* NORRIE & JOHNSON, and *vice versa*

[Jackson, C. J., not presiding, because of indisposition.]

A motion for new trial in extraordinary cases, as provided in §§3719, 3721 of the Code, was intended, in a great degree, to take the place of a bill in equity for new trial. The parties are allowed, by this motion, to do at law what could have been done only in equity before that time; and hence it must follow that such a motion must contain clearly and specifically all the grounds necessary to have been averred in a bill for new trial.

(*a.*) Pending the term of court at which a trial took place, a motion for a new trial was prepared and presented to the judge, but op-

posing counsel stating that he desired time to examine the grounds, by permission of the judge, the papers were turned over to him for that purpose, and court was adjourned to a later day. Another adjournment followed from providential cause. At the time to which the court was last adjourned, the judge was absent, but not from providential or unavoidable cause, as stated by him. The clerk adjourned the court from Saturday until Monday, and then until Tuesday. The judge arrived on Tuesday, and the motion and brief of evidence were presented to him. The respondent moved to dismiss the motion, on the ground that the court was not in session, but had come to an end by operation of law. The judge overruled this motion, and afterwards corrected the brief of evidence, and approved it and the motion, and they were filed in office and overruled at a later day, to which he had deferred action. Both sides excepted. On the cross-bill of exceptions, because of the refusal to dismiss, the Supreme Court held that the motion for a new trial was not made in term-time, and thereupon leave was granted the plaintiff in error to withdraw the main bill of exceptions "without prejudice." At the next term of the superior court, a motion for a new trial was made on substantially the same grounds as before, with the above facts set out as warranting an extraordinary motion. The judge overruled a motion to dismiss this motion for a new trial, certified the grounds, and overruled the motion:

*Held*, that the motion for a new trial so made should have been dismissed; but having been overruled, the judgment will be affirmed, although counsel for the plaintiff in error were active and vigilant, and it was no neglect or fault of theirs that the term of court was lost, the only thing which they might have done, which was not done, being to have had the original motion filed in court, so that it could have been pending and gone over to the next term.

January 26, 1886.

New Trial. Practice in Superior Court. Before Judge MERSHON. Glynn Superior Court. May Term, 1885.

These were two motions for new trial on extraordinary grounds, made at the May term, 1885, of Glynn superior court. The verdict in the case of the E. T. Va. & Ga. Railroad was rendered on May 21, 1884; that in the case of Norrie & Johnson on June 20, 1884. The motions each contained allegations of error, as in an ordinary motion, and an extraordinary ground, substantially the same in both cases, which was, in brief, as follows:

" That said court was adjourned from time to time sub-sequent to said verdict, and convened on the 25th day of June, 1884, for the purpose of preparing motions for new trial, approving briefs of evidence and other motion matters; on which day counsel for defendant presented to the superior court of said county a brief of evidence and motion for new trial for approval of the brief of evidence and certificate of the truth of the grounds of motion for new trial and the granting of a rule *nisi* in said case, G. B. Mabry, of counsel for plaintiff, having stated that the brief of evidence was satisfactory to him, when F. H. Harris, of counsel for plaintiff, stated that he desired time in which to examine the grounds of motion for new trial and brief of evidence in said case, when the judge of said court, Honorable Martin L. Mershon, presiding, stated that he would adjourn the court to a later day for the purpose of acting on said motion for new trial and brief of evidence, and would permit the counsel for plaintiff in said case to have the motion for new trial and brief of evidence in said case for examination, the time of said court being taken up on that day by the hearing of a motion to confirm a sale by the receiver of the property of Sloat, Bussell & Co., of Clinch county, Georgia, in which counsel from Savannah were present to argue the said motion; and that in pursuance of such statement from the said Judge M. L. Mershon, counsel for defendant in said case, Goodyear & Kay, turned over the brief of evidence, together with the rule *nisi* and motion for new trial in said case, to F. H. Harris, of counsel for plaintiff in said case, for examination by him."

That the court was then adjourned to July 10. On that and the following day, the judge was absent from providential cause, and the court was adjourned, by an order from him, to July 19. On that day, a political convention was being held in the court-house, and the judge, seeing no opportunity to transact any business, declined to entertain any and adjourned court to Saturday, July 26. On that day,

East Tennessee, Virginia and Georgia Railroad vs. Whitlock, and vice versa, etc.

the judge was absent in Savannah. The clerk adjourned court to Monday, July 28, and then to Tuesday, when the judge appeared and opened court. Counsel for the movants procured the motions for new trial and briefs of evidence from opposing counsel and presented them to the judge for approval. Counsel for the respondents objected, on the ground that the court was not in session unless the absence of the judge on the 26th and 28th days of July was from providential or other unavoidable cause, which the judge stated was not the case. The judge overruled the objection and ruled that the court was legally in session. Another adjournment followed, which is immaterial to be set out. The briefs and motions were approved and filed. On the hearing, the judge overruled the motions, and the movants excepted. The respondents also filed cross-bills of exceptions. On these latter, the Supreme Court ruled that the term of the superior court had come to an end by operation of law, by reason of the absence of the judge. (See 74 *Ga.*, 602). Thereupon counsel for the movants were permitted by the Supreme Court to withdraw the main bills of exceptions "without prejudice." Having been unable, for these reasons, to have the rulings made on the trial reviewed, which they could not do even with the utmost diligence, they therefore make this extraordinary motion.

Counsel for the respondents moved to dismiss the extraordinary motions for new trials, because the grounds of error were the same as those contained in the former motions, which had been carried to the Supreme Court and the decision affirmed by withdrawal of the bills of exceptions; because the motions should have been made at the December term, 1884; because the original motions could have been made and filed during the term of the trial; because the extraordinary motions for new trials were not properly presented; and because the matters set up were *res adjudicata.*

The motion to dismiss was denied, and the respondents

excepted. On the hearing, the judge overruled the motions, and the movants excepted.

GOODYEAR & KAY, for plaintiffs in error.

FRANK H. HARRIS; HILL & HARRIS; IRA E. SMITH; G. B. MABRY, *contra.*

BLANDFORD. Justice.

The first case was tried at the May term, 1884, of Glynn superior court, and a verdict and judgment rendered for defendant in error. The plaintiffs in error prepared the papers during the term for a motion for new trial. The term of the court having terminated unexpectedly by reason of the presiding judge having absented himself from his court, the motion for new trial and brief of evidence was, after the expiration of the term, filed in office and presented to the judge of the court to be heard. The defendant in error objected to the hearing in vacation. The court overruled this objection, and defendant in error excepted. The court heard the motion and refused the same, and plaintiff in error excepted.

The case was brought to this court by both parties, at the February term, 1885, when this court, having intimated that, as the term of the court had expired, a motion for new trial could not thereafter be made, the counsel for plaintiff in error was allowed to withdraw the case without prejudice, and the judgment of the court below was thereby affirmed. The plaintiffs in error, at the first term of the court after the rendition of the judgment of this court, moved for a new trial as in extraordinary cases, but the motion is similar, embracing the same grounds, as the motion which had been made and disposed of by this court.

The defendant in error, Whitlock, moved to dismiss said motion, and objected to the hearing of the same. The court overruled the motion and the objection, and heard the

v 75-6

same; to this Whitlock excepted, and upon the hearing, the court refused the new trial, and the railroad excepted, and the case is brought here by both parties.

The motion for new trial in extraordinary cases, as provided for in sections 3719 and 3721 of the Code, was intended in a great degree to take the place of a bill in equity for new trial. The parties are allowed by this motion to do at law what could only have been done in equity before that time, and hence it must follow that such a motion must contain clearly and specifically all the grounds necessary to have been averred in a bill for new trial. 3 Graham & Waterman on New Trials, §1454 *et seq.*

The only averment which takes this motion out of the ordinary motion for new trial is, that the presiding judge absented himself from his court, whereby the term of the court was terminated, so that the ordinary motion for new trial could not be heard during that term. There is no allegation of fraud or surprise or providential cause or interference. It is true that the counsel for plaintiff in error was active and vigilant, and it was no neglect or fault of theirs that the term of the court was lost. The only thing which they might have done which was not done, was to have had the motion filed in court so that the same could have been pending and gone over to the next term. Smith *vs.* Lowry, 1 Johns. Ch. R., 320 ; 9 Wall., 805 ; 42 *Ga.*, 41 ; 57 *Id.*, 285 ; 71 *Id.*, 654 ; Code, §372 ; 72 *Ga.*, 204 ; 65 *Id.*, 57 ; 62 Iowa, 212.

What we have said applies equally to the case of McCullough *vs.* Norrie & Johnson.

The court erred in refusing to dismiss the motion for new trial, and as he refused the new trial in both cases, it follows that the judgment of the court below must be affirmed.

Judgment affirmed.