### EDMONDSON *v.* THE STATE (two cases).

1. Neither under the act of 1885 (Acts 1884–5, p. 475, § 30), nor under the constitutional provisions allowing the judge of the superior court to preside in the city court in cases where the judge of the latter is disqualified to preside, did the judge of the superior court of the Macon circuit have authority to administer an oath and attest an affidavit made as a basis for an accusation in the city court of Macon, on the ground that the judge of the latter court was disqualified from attesting the affidavit because of relationship to the defendant. A judgment based upon such an affidavit and accusation should be arrested on motion.

2. The case being controlled by the foregoing ruling, the writ of error based on the overruling of the motion for new trial is dismissed, with direction that all proceedings in the case be vacated.

Argued May,16 — Decided June 14, 1905.

Accusation of carrying concealed weapons. Before Judge Clark. City court of Macon. March 29, 1905.

An affidavit was made before the judge of the city court of Macon, as a foundation for an accusation charging the defend-

ant with the offense of carrying a concealed weapon, under the act of August 14, 1885, creating the city court of Macon (Acts of 1884-5, pp. 475–6). The defendant was related to the judge of that court. The judge considered himself disqualified to act, and an application was made to the judge of the superior court of the circuit. He administered the oath to the prosecutor and attested the affidavit, and upon it an accusation was framed. When the case came on for trial the judge of the superior court was absent. The judge of the city court passed an order declaring himself disqualified and calling upon the judge of the city court of Forsyth to preside and dispose of the case for him. The last-named judge presided, and after conviction the defendant made a motion in arrest of judgment, one ground being, because the affidavit on which the accusation was based showed on its face that it was sworn out before the judge of the superior court of the Macon circuit without authority of law, and that the accusation and conviction based thereon were illegal. There was another ground of the motion, which need not be set out. The defendant also made a motion for a new trial. Both motions were overruled, and the defendant excepted.

*M. G. Bayne*, for plaintiff in error.
*William Brunson, solicitor-general*, contra.

LUMPKIN, J. (After stating the facts.) 1. The act of August 14, 1885 (Acts 1884–5, pp. 475–6, § 30), provides, " That the defendants in criminal cases in said city court of Macon may be tried on written accusation setting forth plainly the offense charged, founded on affidavit made by the prosecutor; said affidavit shall be made before said judge, and said accusation shall be signed by the prosecutor and the prosecuting officer in said court." It is contended that the judge of the city court was disqualified from taking and attesting the affidavit, because of his relationship to the defendant. It is not altogether certain that there was any disqualification so far as administering the oath and attesting the affidavit were concerned, although the judge was disqualified from presiding on the trial of the case. See, on this subject, *Thornton* v. *Wilson*, 55 *Ga.* 607; *Savage* v. *Oliver*, 110 *Ga.* 636, 638, and cases cited; 17 Am. & Eng. E. L. (2d ed.) 753; Civil Code, § 4045. On the subject of the disqualification

of ministerial officers, see *Herring* v. *State*, 119 *Ga.* 710, 715; Ex parte Gist, 26 Ala. 156, 161; *Flury* v. *Grimes*, 52 *Ga.* 341; *State* v. *Jeter*, 60 *Ga.* 489; *Johnson* v. *Shurley*, 58 *Ga.* 417. It is unnecessary to decide whether the judge of the city court of Macon was qualified to administer the oath and attest the affidavit or not. In any event, no authority was conferred by the act of 1885 upon the judge of the superior court to do so. The constitution authorizes the judge of the city court and the judge of the superior court to preside in the courts of each other respectively, in cases where either is disqualified, in any county where a city court exists (Civil Code, § 5851); but where a legislative act provides that a prosecution in a certain city court shall be begun by affidavit made by the prosecutor, which shall be made before the judge of that court, the constitutional provision referred to does not of itself authorize the judge of the superior court of the circuit to take and attest such an affidavit on the ground that the judge of the city court is disqualified from acting, by reason of relationship to the defendant. This is not presiding in a case in the city court, within the meaning of the constitution. *Northwestern Mut. Life Ins. Co.* v. *Wilcoxon*, 64 *Ga.* 556; *Ivey* v. *State*, 112 *Ga.* 175. The affidavit made before the judge of the superior court and attested by him, and the accusation based thereon, being without authority of law, the judgment should have been arrested on motion.

2. On the trial the judge of the city court of Forsyth presided at the request of the judge of the city court of Macon, on the ground that the latter was disqualified. Acts 1899, p. 48. Inasmuch as the ruling above made controls the entire case, it would be useless to refer to the rulings made on the trial. The writ of error bringing up the overruling of the motion for a new trial is dismissed, with direction that all proceedings in the case be vacated.

*Judgment reversed in the first case; writ of error dismissed in the second case, with direction. All the Justices concur, except Simmons, C. J., absent.*