181, 182, 183. FEWS *v.* THE STATE.

1. Although a claim or a defense may be asserted or resisted under a clause of the constitution, unless a construction of such clause of the constitution is involved this court is not required to certify the question to the Supreme Court. Where the meaning of the language used in the constitutional provision is unambiguous and undisputed, or where the recognized construction which has been given such a provision is unchallenged, no question of construction is involved. No such question is presented in the mere determination of whether a given state of facts establishes or disestablishes a claim or a defense, asserted or resisted under an unquestioned construction of a constitutional provision. If the particular question of construction sought to be raised has been passed upon directly by the Supreme Court, such question will not be certified to the Supreme Court for repetition of its former decision.

2. The finding of the trial court against the plea of former conviction was

not unauthorized, it appearing that, while both indictments were for as-
sault with intent to murder, the assaults were separate, were upon two
different individuals, and were not in response to a joint attack of the
persons assaulted, although one of the assaults immediately followed
the other.

3. The charges complained of were not erroneous.  The law against shoot-
ing at another was not involved in the case, nor was the law as to simple
assaults; hence the court did not err in refusing to charge on these sub-
jects.  Each verdict was fully warranted by the evidence.

Indictment for assault with intent to murder, from Bibb supe-
rior court—Judge Felton.  December 4, 31, 1906.

Argued January 29,—Decided January 31, 1907.

*John R. Cooper,* for plaintiff in error.

*William Brunson, solicitor-general,* contra.

POWELL, J.  The defendant was tried and convicted of the
offense of assault with intent to murder, in each of two cases.
In case No. 183 the felonious assault is alleged to have been com-
mitted upon W. G. Solomon Jr., and, in No. 181, upon Charlie
Adams Jr.  The defendant was first tried and convicted upon the
charge relating to Solomon (case No. 183).  Upon being arraigned
upon the indictment relating to the assault upon Adams, he filed
a plea of former jeopardy, alleging that the indictment in this case
charged him with the same transaction for which he had been con-
victed in the case relating to the assault upon Solomon.  By con-
sent this plea was heard by the trial judge, who, upon hearing the
evidence, found against the plea.  Exception to this finding of the
court was taken, and this forms the basis of case No. 182 in this
court.  The evidence against the accused in each case made out a
malicious, wanton, and unprovoked case of assault with intent to
murder, the State's testimony showing that Solomon, Adams, and
certain other young men were quietly walking along, upon the
"circle" or "midway," at the State Fair in Macon, when, without
provocation or warning; the defendant, who was unknown to them,
first fired two shots, one of which struck Solomon, and then turned
his pistol upon Adams, who, seeing that he was about to be shot,
ran towards defendant and grabbed hold of him; and while Adams
was struggling with the defendant, the defendant managed to get
his pistol in such position that he fired it, striking Adams in the
abdomen.  The defendant's statement, which, however, was abun-
dantly contradicted by other proof in the case, was that some one

had assaulted him, knocked him down, and was on him, beating him and kicking him, when he shot his pistol in the air, thus inflicting the wounds upon Solomon and Adams. In each of the separate motions for new trials, in cases No. 181 and 183, the defendant complains of a charge of the court upon the effect of the evidence of good character, introduced by the defendant, and as to the manner in which the contentions of the State are set forth. Since these charges appear to us to be so manifestly without error, and since a decision upon them would not be to announce any new principle of law, we deem it unnecessary to set them out further. In case No. 183 (the Solomon case), exception is also taken to the fact that the court refused to charge the jury upon the law of shooting at another, and upon the law of assault.

1. In case No. 182, relating to the finding of the court upon the plea of former jeopardy, counsel for the defendant asks us to certify the question therein to the Supreme Court for instruction on the grounds that it involves a construction of the clause of the constitution of this State, which provides that "No person shall be put in jeopardy of life, or liberty, more than once for the same offense, save on his or her own motion for a new trial after conviction, or in case of mistrial" (Civil Code, § 5705). The constitutional amendment creating this court provides, that "Where, in a case pending in the Court of Appeals, a question is raised as to the construction of a provision of the constitution of this State or of the United States, or as to the constitutionality of an act of the General Assembly of this State, and a decision of the question is necessary to the determination of the case, the Court of Appeals shall so certify to the Supreme Court, and thereupon a transcript of the record shall be transmitted to the Supreme Court, which, after having afforded to the parties an opportunity to be heard thereon, shall instruct the Court of Appeals on the question so certified, and the Court of Appeals shall be bound by the instruction so given." Acts 1906, p. 26. It will be seen from the above, that, since the question presented in this case does not involve the constitutionality of an act of the General Assembly, it must appear that it raises a question as to the *construction* of a provision of the constitution, before this court is required to certify it to the Supreme Court. A case that involves merely the applicability of a concededly unambiguous clause of the constitution to a given

state of facts raises no question of construction. Likewise, where a clause in the constitution has been construed by the Supreme Court as having a certain meaning and intendment, and such fixed judicial construction is unchallenged, there is still no question raised as to the construction of a clause of the constitution. The excerpt from the constitutional amendment creating this court, quoted above, is also to be construed in pari materia with another provision in the same law, that, "The decisions of the Supreme Court shall bind the Court of Appeals as precedents." Therefore, if the identical question of construction has been before the Supreme Court, and that court has judicially given a construction to the clause in question, it is unnecessary to certify and to continue to certify such a question to the Supreme Court every time a party may seek to raise it. In this case the able and earnest counsel for the defendant raises no question as to the construction of the clause of the constitution under which he attempted to assert his defense; he merely contends that, under the well known, well recognized, and unquestioned construction of that fundamental law, his defense was good. In his argument in this court he contended that under the recognized construction of that provision of the constitution the "same-transaction test" should be applied to his plea of former jeopardy; and counsel for the State agreed with him. The trial court heard evidence for the express purpose of determining whether the transaction for which the defendant had been convicted already was the same transaction for which he was about to be put on trial in the second case. The finding of the court, that the transactions were not the same, in no sense involved any construction of the constitutional provision; and by determining, as we now do, that the trial court committed no error in that finding, we have not decided any constitutional question.

2. The defendant shot two separate and distinct men; the assault upon each of them was separate; they had made no joint attack upon him; the intent to kill was directed against them individually; the fact that the interval between the two shootings was slight does not make the transactions identical; therefore there was no lawful reason why he should not be tried and convicted in both cases. *Crocker* v. *State,* 47 *Ga.* 568.

3. The only other assignment of error not already disposed of is that the court erred in not charging the jury, in the case relat-

ing to the assault upon Solomon, the law of shooting at another, and the law of simple assault. Under the evidence in the case these offenses were not involved.

*Judgment affirmed on each bill of exceptions.*