*S. P. New, solicitor,* contra.

---

## 6810. Cox *v.* The State.

RUSSELL, C. J. 1. In the absence of any request for instructions upon the subject, an instruction to the jury that the State is required to show the guilt of the defendant to a reasonable and moral certainty, and to satisfy the minds of the jury beyond a reasonable doubt of his guilt of the crime charged against him, following the general statement that "the defendant is presumed by law to be innocent, and that presumption remains with him until his guilt is established by testimony beyond a reasonable doubt," is not erroneous upon the ground that the jury should have been specifically instructed that it was their duty to give the defendant the benefit of any reasonable doubt that they might entertain upon any material issue in the case.

2. The jury were correctly instructed upon the subject of voluntary manslaughter; and the complaint that the contentions of the State were unduly stressed is not sustained upon an examination of the entire charge.

3. The court did not err in charging the jury as follows: "If you believe, from the testimony in the case, that the deceased was out upon a road or highway, and if you further believe that the defendant in the case approached him with a pistol, manifestly intending or endeavoring by violence or surprise to commit a felony upon the person of the deceased, Robert Booth, in such case, if you believe that to be the truth, and you further find that Robert Booth, in order to defend himself against such impending purpose on the part of the defendant, drew a knife, and struck at defendant with a knife, such act on the part of the deceased, if such was true, would not justify the defendant in shooting and killing the deceased, if, at the time, the defendant, as stated, was manifestly intending or endeavoring by violence or surprise to commit a felony upon the deceased, and such conduct on the part of the defendant brought about the act of the deceased in drawing and attempting to use his knife; I say, if such was true, the fact that deceased undertook to use and did use his knife, if he did, would not justify the defendant in the case." This instruction was warranted by some of the evidence, and, when considered with the charge as a whole, was not subject to the objection that it was argumentative or unfairly stressed circumstances which seemed to implicate the accused, without attaching due importance to the contentions of the defendant. Nor was it calculated, when viewed in connection with the entire charge, to disparage and weaken the defense of the accused in the minds of the jury

by conveying the impression that any particular contention presented in the testimony for the State had been satisfactorily established.

4. In the absence of a request, a trial judge is not required to call specific attention to the various isolated facts or circumstances in proof which support particular contentions of either party, and it is only when those facts and circumstances which are relied upon by one of the parties is unduly stressed to the detriment of the other party that the omission to refer to particular points of prominence in the proof can be held to be injurious.

5. The credibility of witnesses brought to attack or sustain the competency of a juror, alleged to have been disqualified by reason of prejudice or bias, is addressed solely to the trial judge, who sits as a trior upon the issue of fact thus presented. The issue as to the competency of a particular juror who may have participated in rendering a verdict is therefore addressed peculiarly to the discretion of the trial judge, and the exercise of his discretion will not be interfered with unless it is manifest that there has been an abuse of discretion. In the present instance, upon the conflicting evidence as to the disqualification of certain jurors who tried the case, it can not be said that the trial judge abused his discretion by crediting the testimony in favor of the impartiality of the jurors, rather than the testimony by which it was sought to impeach their impartiality.

6. The evidence authorized the verdict, and there was no error which required the grant of a new trial.          *Judgment affirmed.*

DECIDED MARCH 17, 1916.

Indictment for murder—conviction of manslaughter; from Mitchell superior court—Judge Thomas presiding. June 28, 1915.

*B. C. Gardner, Charles Watt Jr., E. M. Davis, J. J. Hill, Roscoe Luke,* for plaintiff in error.

*R. C. Bell, solicitor-general, F. A. Hooper, Haggard & Collins, Johnson & Warren,* contra.