## 62689. CONRAD v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of possession of marijuana. On appeal he contends the trial court erred by denying his motion to suppress evidence and his motion for a directed verdict, because evidence seized from his automobile was the result of an illegal search and seizure. Appellant makes the same contentions in regard to evidence seized from his residence and statements made by appellant, as such evidence and statements were tainted under the "fruit of the poisonous tree" doctrine.

The Fort Oglethorpe police received a radio notice from the Rossville Police Department to be on the lookout for a bright red Ford automobile with a pink haze over the tag. The driver of the car was wanted by the Rossville Police for an alleged incident of indecent exposure. Oglethorpe Chief of Police John Allen saw a vehicle matching the description broadcast; he turned on his blue light and siren and stopped appellant. While following appellant, Allen saw him doing something with his right arm. After stopping, appellant started to get out of the car, but Allen ordered him to stay in his car. Appellant remained in his car until two Georgia State Highway Patrolmen arrived. One trooper removed appellant from his car; the other trooper removed a brown paper bag and two wooden clubs from under the seat on the passenger side. The brown paper bag contained a green leafy substance later determined to be marijuana. Appellant was taken to the Rossville jail and questioned. An investigator obtained appellant's consent to search his residence, where appellant removed two plastic bags of marijuana from a dresser drawer and gave them to the investigator.

We need not decide whether the marijuana found in appellant's car was seized as a result of an investigative search or a lawful inventory of items in appellant's car. In New York v. Belton, —— U. S. —— (101 SC 2860, 69 LE2d 768) (1981), the United States Supreme Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.

"It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach." The legality of the arrest in the instant case has not been questioned. Once appellant was stopped pursuant to the radio bulletin and ordered to remain in his car, he was under arrest. *Caito v. State,* 130 Ga. App.

831, 833 (1) (204 SE2d 765) (1974). Accordingly, under the rule enunciated in Belton, the marijuana was seized lawfully and the trial court did not err in denying appellant's motion to suppress this evidence. It follows that any subsequent statements and evidence seized at appellant's residence were not obtained as the result of an illegal search and seizure of evidence in appellant's car.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 19, 1982.

*Renzo S. Wiggins,* for appellant.
*D. L. Lomenick, Jr., District Attorney, Ralph L. Van Pelt, Jr., Assistant District Attorney,* for appellee.