## 43188. THE KRYSTAL COMPANY v. CARTER.
(343 SE2d 490)

MARSHALL, Chief Justice.

The appellee-landowner brought an action for injunction and for compensatory and punitive damages for trespass, alleging that the appellant — in constructing a place of business on the lot adjoining the appellee's lot — was wilfully and maliciously refusing to stop dumping "huge amounts" of fill, dirt, and soil upon his property in violation of his proprietary rights after he had given the appellant oral and written notice of this trespass. Following the entry of a default judgment for the plaintiff-appellee, there was a trial as to the issue of damages, resulting in a verdict and judgment in the amounts of $20,000 punitive and $5,000 compensatory damages. Seeking a new trial on the issue of punitive damages only, the defendant appealed to this court on the basis of Art. VI, Sec. VI, Par. III of the Constitution of Georgia of 1983, which places within our jurisdiction "cases involving title to land."

1. The only extent to which title to land arguably could be involved is as follows: The appellant's witness testified as to the existence of the appellant's title-insurance policy, which covered a slope easement on the appellee's adjoining land, whereupon the trial judge permitted cross-examination as to the amount of such policy. The trial court disallowed cross-examination as to the appellee's awareness of the existence of a slope-and-fill easement on his property (the ap-

pellant having admitted that there was no such easement by having permitted the case to go into default). The trial court refused to allow the appellant to mitigate punitive damages through evidence that it had a lawful easement. Even if they are considered "involved," neither a title-insurance policy nor a slope-and-fill easement affects the title to property. Thus, there is no basis for our jurisdiction on this ground.

2. As to another arguable basis for our jurisdiction, although an injunction was prayed for, none was granted or necessary. The posture of the case became that the plaintiff had a default judgment which adjudicated that the defendant had trespassed on the plaintiff's land, violating his proprietary rights by dumping the "hugh amounts" of fill thereon. While this judgment did not technically enjoin further trespass, it was nevertheless res judicata of the issue of the right of the plaintiff not to be thus trespassed against, on which the plaintiff-appellee can rely should any future such trespass occur. It would be mere speculation to say that injunctive relief may be necessary sometime in the future should the appellant test the default judgment by a repetition of the trespass. An injunction would have been merely ancillary under the facts of this case. The only substantive contentions relate to legal issues as to damages. "It is clear therefore that the injunction issue is one of mere form and that the substantive question on appeal is a legal question over which the Court of Appeals has appellate jurisdiction." *Baranan v. Ga. State Bd. of Nursing Home Admrs.*, 239 Ga. 122, 123 (236 SE2d 71) (1977).

"Since the dispositive substantive issue in the present appeal is a legal issue over which the Court of Appeals has appellate jurisdiction, said appeal is properly transferred to the Court of Appeals." *Pace Constr. Corp. v. Houdaille Indus.*, 245 Ga. 696, 697 (266 SE2d 504) (1980). The Court of Appeals long ago correctly assessed the rote invocation of jurisdictional words found in our constitution. (Relative to appeals which seek to raise the constitutional issue, see *Fews v. State*, 1 Ga. App. 122 (58 SE 64) (1907); *Cox v. State*, 19 Ga. App. 283 (91 SE 422) (1917).) "To hold that the Court of Appeals must lose jurisdiction over [such cases] . . . would be practically to enable any litigant . . . to select the appellate forum in which he might prefer his case to be determined." *Cox*, supra, 19 Ga. App. at 289.

*Transferred to the Court of Appeals. All the Justices concur.*

DECIDED MAY 29, 1986.

*Christopher A. Townley*, for appellant.

*Ross L. Hatcher III*, for appellee.