## 72848. OSWELL v. THE STATE.
### (351 SE2d 221)

DEEN, Presiding Judge.

The appellant, George Oswell, was convicted for possessing marijuana in violation of the Georgia Controlled Substances Act. On appeal, he contends that the trial court erred in not suppressing the evidence seized during a search of his automobile.

On September 11, 1985, Oswell was observed by City of Atlanta police officer J. A. Veerkamp driving down Howell Mill Road. Having recently stopped Oswell for another reason, Veerkamp knew that Oswell's driver's license was suspended, and he proceeded to stop Oswell's vehicle and arrest him for driving with a suspended license and without insurance. Although Oswell had pulled into the parking lot of a fast food restaurant where he was known, and where the owner assented to his leaving his car there, Officer Veerkamp called for a wrecker to impound the vehicle. After he had placed Oswell in his patrol car and written out two tickets, Veerkamp searched the passenger compartment of Oswell's vehicle and discovered a bag of marijuana between the front bucket seats. *Held*:

The United States Supreme Court has held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *New York v. Belton*, 453 U. S. 454, 460 (101 SC 2860, 69 LE2d 768) (1981). With regard to any federal constitutional claim, the instant case is quite clearly controlled by *Belton*. See *State v. Hopkins*, 163 Ga. App. 141 (293 SE2d 529) (1982), and *Conrad v. State*, 160 Ga. App. 909 (288 SE2d 618) (1982). Oswell's arrest certainly was lawful, and the fact that the arresting officer took the time to write out two tickets before searching the vehicle did not render the search noncontemporaneous to the arrest.

Oswell's reliance upon *Strobhert v. State*, 165 Ga. App. 515 (301 SE2d 681) (1983), is misplaced. In *Strobhert*, the defendant was not operating or occupying the vehicle that was impounded and searched; at the time of his arrest, he merely was standing next to the car, drinking a beer in a park in violation of a county ordinance. The vehicle was unconnected to the arrest.

Oswell also contends that although his federal constitutional right against unreasonable searches and seizure may not have been

violated, Art. I, Sec. I, Par. XIII of the Georgia Constitution provides greater protection for people against searches and seizures. Because consideration of this contention only involves application of an unquestioned and unambiguous state constitutional provision to a given state of facts, rather than actual construction of the constitutional provision, this court may address it. See *Pollard v. State*, 229 Ga. 698 (194 SE2d 107) (1972); *Gulf Paving Co. v. City of Atlanta*, 149 Ga. 114 (99 SE 374) (1919). The state constitutional provision relied upon directs that "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated . . ." That language is identical to the Fourth Amendment of the United States Constitution. Just as the search of Oswell's automobile incident to his arrest was not unreasonable under the federal constitution, it was not unreasonable under the state constitution.

The dissent, in advocating transferral of this case to the Supreme Court, confuses construction with application of a perfectly plain provision of the state constitution. "To hold that the Court of Appeals must lose jurisdiction over all cases where any right or privilege asserted or denied depended for its allowance or refusal upon the construction of plain and unambiguous language in the constitution, though no question as to the construction of such constitutional provision was raised, would be practically to enable any litigant (not relying upon a construction of the constitution to support his contentions) to select the appellate forum in which he might prefer his case to be determined. If the mere insistence that a particular constitutional question was involved would be sufficient to give exclusive jurisdiction over a case to the Supreme Court, it would be easy to inject into any case a constitutional question of that kind, by contending that some perfectly plain provision of the constitution, which perhaps had not been previously construed by the Supreme Court, because susceptible of but one construction, should have some special or strained construction given to it, and thus create a constitutional question in the case." *Cox v. State*, 19 Ga. App. 283, 289 (91 SE 422) (1917). This court's properly possessive position regarding jurisdiction over cases of this nature is demonstrated by the remarkable dearth of cases transferred to the Supreme Court. Indeed, one notable treatise documents that from 1916 to 1950, this court transferred but one case to the Supreme Court on the basis that it involved constitutional construction, only to have the Supreme Court transfer it back. See Hilkey & Saye, The Constitutional Law of Ga., 321-322 (1952).

What we do in the instant case is mere application because the language in the state constitution is precise and unambiguous; the clause in question simply prohibits unreasonable searches and seizures. This case presents this court only with the chore of deter-

mining whether the search of Oswell's car and the resultant seizure were unreasonable, and not with the task of determining what the term "unreasonable searches and seizures" means. Our reference to the application of the identical federal constitutional prohibition against unreasonable searches and seizures, where searches and seizures similar to that employed in Oswell's case have been found reasonable, does not render our present application of the state constitutional clause an act of construction.

*Judgment affirmed. Banke, C. J., McMurray, P. J., Birdsong, P. J., and Sognier, J., concur. Carley, Pope, Benham and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I dissent because it appears that this case should be transferred to the Supreme Court of Georgia. It raises an issue of *construction* of the Georgia Constitution, as I understand that function to differ from the function of judicial *application* of a constitutional provision. The Supreme Court has exclusive jurisdiction over construction. Ga. Const. 1983, Art. VI, Sec. VI, Par. II (1).

The sole question enumerated in this appeal is whether, under Georgia's constitution, the search was justified without a warrant. There is not pointed out by anyone any Georgia Supreme Court case which construes the *Georgia* constitution in regard to automobile searches made incident to arrest when there are no exigent circumstances justifying search, nor probable cause. Appellant even argues that "Finding the search in this case a violation of state constitutional rights does not require overruling or failing to follow a single case decided by this court or the Georgia Supreme Court because the state constitutional ground has not been raised before." Thus, the question has yet to be addressed.

The majority opinion clearly demonstrates that it is construing the Georgia constitution. As I read it, it says that the Georgia provision means the same thing as the United States Constitution and is identically construed in the context of a warrantless auto search incident to a valid arrest. The Court arrives at this conclusion not because the Georgia Supreme Court so held, but because the words of the two constitutions are the same.

That is constitutional construction, albeit by only one of the numerous methods available. But the same *text* does not mandate the same meaning. See *Cooper v. Eugene School Dist. No. 4J*, 301 Or. 358 (723 P2d 298, 307) (1986).[1] If it did, then there would be no need for

---

[1] For an overview of state constitutional law development, see Special Section, "The National Law Journal," Sept. 29, 1986. See also Linde, "E Pluribus — Constitutional Theory and State Courts," 18 Ga. L. Rev. 165 (1984).

state supreme court construction of that state's own constitution, and the United States Supreme Court rather than the Supreme Court of Georgia would be construing the state constitution. And it would be doing so unintentionally, since its construction of the federal constitution does not expressly single out or take into account those state constitutions which, because identical in words, will *ipso facto* be clothed with the same construction.

In this particular case, that is the result. The two search and seizure provisions are identical in wording. That being so, the majority concludes that the federal constitutional standard fashioned in *New York v. Belton*, 453 U. S. 454, 459 (101 SC 2860, 69 LE2d 768) (1981) constitutes the standard affixed to Georgia's constitutional provision. If that were a correct principle of federalism, then of course the Georgia Supreme Court would not have to construe the Georgia constitution independently and we would simply apply the *Belton*-worded measurement, as a proper exercise of the functions in our domain.

But as we recognized in *Andrews v. State*, 175 Ga. App. 22, 25 fn. 1 (332 SE2d 299) (1985): "Adopting the same test for the state constitution as the United States Supreme Court fashioned for the federal constitution does not mean that the state guarantee is identical or is to be identically construed. Its meaning is always finally up to the Supreme Court of Georgia." I know of no U. S. Supreme Court or Georgia Supreme Court authority which would confine this statement to constitutional provisions that were other than identical.

The very fact that the majority cites no authority for the construction it ascribes to the Georgia search and seizure clause in this case shows that this Court is the one which is so construing it. Apparently there is no case declaring that the United States Supreme Court's *Belton* standard is adopted also as Georgia's rule with respect to its own constitution.

In the very first year of this Court's history, the question of jurisdiction came up and the distinction between construction and application was made. "A case that involves merely the applicability of a concededly unambiguous clause of the constitution to a given state of facts raises no question of construction. Likewise, where a clause in the constitution has been construed by the Supreme Court as having a certain meaning and intendment, and such fixed judicial construction is unchallenged, there is still no question raised as to the construction of a clause of the constitution . . . if the identical question of construction has been before the Supreme Court, and that court has judicially given a construction to the clause in question, it is un-

necessary to certify[2] and to continue to certify such a question to the Supreme Court every time a party may seek to raise it." *Fews v. State*, 1 Ga. App. 122, 124-125 (58 SE 64) (1907). For other cases in this connection, see *Gulf Paving Co. v. City of Atlanta*, 149 Ga. 114 (1) (99 SE 374) (1919); *Maner v. Dykes*, 183 Ga. 118, 119 (1) (187 SE 699) (1936); *Head v. Edgar Bros. Co.*, 187 Ga. 409 (200 SE 792) (1939); *Rowland v. State*, 199 Ga. 340 (34 SE2d 577) (1945).

The case before us differs from *Fews*, which case the Court analyzed as raising no question as to the construction of the constitution. "[H]e merely contends that, under the well known, well recognized, and unquestioned construction . . . of that provision of the constitution the 'same-transaction test' should be applied to his plea of former jeopardy." Id. at 125. In our case appellant asks us to give meaning to the Georgia constitution which has not heretofore been given. This we cannot do, because the language of the Georgia search and seizure provision does not "plainly and unambiguously" incorporate the *Belton* rule, nor has the Georgia Supreme Court juridically incorporated it. Of course, we would not have to wait for the latter, i.e., Supreme Court construction where the former, i.e., language "too plain and unambiguous to require any interpretation or construction" obtained. *Cox v. State*, 19 Ga. App. 283, 290 (91 SE 422) (1916). As to this latter, the theory is that the language is "susceptible of but one construction." Id. at 289.

Thus, the case should be transferred.

I am authorized to state that Judge Pope and Judge Benham join in this dissent.

DECIDED NOVEMBER 5, 1986 —

*R. Glen Galbaugh*, for appellant.

*Lewis R. Slaton, District Attorney, Andrew J. Weathers, Joseph J. Drolet, Raymond C. Mayer, Assistant District Attorneys*, for appellee.

---

[2] In those days they certified the question; nowadays we are bound to transfer the whole case.