## 60270. KILGORE v. THE STATE.

SHULMAN, Presiding Judge.

The Supreme Court reversed this court's opinion in 155 Ga. App. 739 (272 SE2d 505), holding that defendant's failure to object at trial to evidence which was the subject of a pre-trial motion to suppress does not constitute a waiver of defendant's contentions of error in the denial of that motion.

1. Upon consideration of the merits of defendant's motion, we nevertheless find that the denial of defendant's motion was proper. Defendant argues that the arresting officer had no cause to stop the defendant's vehicle, in which defendant was the driver and sole occupant. Concomitantly, defendant complains that the police officer's search of the immediate vicinity of the area of the driver (ostensibly a protective search under *Mobley v. State,* 130 Ga. App. 80 (2) (202 SE2d 465), overruled on other grounds, 238 Ga. 207 (232 SE2d 46)), was illegal. We disagree.

There was probative evidence that defendant was driving in excess of the lawful speed limit. Thus, there was evidence from which the trial court could reasonably conclude that the police officer did not overstep his bounds in stopping the defendant, arresting him for a traffic violation and conducting a protective search of the immediate vicinity of his automobile. See *State v. Thomason,* 153 Ga. App. 345 (1) (265 SE2d 312); and Code Ann. § 27-301 (a). See also *Mobley,* supra.

Nor was the subsequent inventory search of the automobile, which revealed additional contraband, improper. Defendant made no request that someone be called to retrieve the vehicle; indeed, the evidence shows that defendant voluntarily acquiesced to an officer's driving the automobile to the police station where it would be impounded. See *Mooney v. State,* 243 Ga. 373, 377 (254 SE2d 337). Compare *State v. Thomason,* supra, Division 3.

Since we have determined that the evidence presented by the state authorized the trial court's conclusion that the initial stop of the defendant and his arrest were lawful (see *State v. Thomason,* supra, Division 1), defendant's complaint regarding the denial of his motion to suppress is not meritorious.

2. Defendant also asserts error on the trial court's refusal to allow defense counsel to elicit testimony on the question of whether or not the police department had followed defendant in his automobile on prior occasions. It was defendant's intention to show by such testimony that the arrest of the defendant for speeding was, in fact, a subterfuge — that the police department was merely out to "get" the defendant.

The trial court determined that the prior actions of the police department were irrelevant inasmuch as the arresting officer testified that on this particular occasion the defendant was in violation of the law. In view of the fact that the scope of cross examination rests largely within the discretion of the trial court and in view of the questionable relevancy of the testimony sought to be elicited, we find no abuse of discretion in the ruling of the trial court. See *Brown v. State,* 240 Ga. 274 (5) (240 SE2d 63).

Since remaining enumerations of error were adequately addressed in the prior opinion in this case, they need not be addressed here.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

Decided March 3, 1981 — Rehearing denied March 19, 1981 —

*Timothy A. McCreary,* for appellant.

*W. A. Foster III, District Attorney, Daniel J. Sammons, Assistant District Attorney,* for appellee.