## 63404. PARKER v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction for armed robbery. *Held:*

1. "The fact that defendant may have been suffering from some mental condition was not alone sufficient to exclude the confession. *Corn v. State,* 240 Ga. 130, 134-135 (240 SE2d 694) (1977). A trial court may be authorized to find that an individual is capable of waiving his rights even though there is evidence to the effect that he is moderately retarded. *Hurt v. State,* 239 Ga. 665 (238 SE2d 542) (1977)." *Moses v. State,* 245 Ga. 180 (5), 186 (263 SE2d 916) (1980). The evidence presented at the Jackson v. Denno hearing authorized a finding that the defendant's in-custody statements were made knowingly and voluntarily, at a time when he was coherent and rational, and after he had been advised of his Miranda rights. Accord *Pittman v. State,* 245 Ga. 453 (1) (265 SE2d 592) (1980).

2. The trial court did not err in denying the defendant's motion for mistrial based on the state's failure to provide him with a copy of a written waiver of rights which he allegedly had signed prior to his interrogation. The defendant contends that the document, which was referred to during the Jackson v. Denno hearing but which does not appear in the record or transcript, was exculpatory because the manner in which it was executed might have provided a basis for expert testimony by a handwriting analyst that he was intoxicated at the time he executed it. This is, of course, purely conjectural and does not constitute a showing that material, exculpatory evidence was withheld by the state. See generally Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963); United States v. Agurs, 427 U. S. 97, 112 (96 SC 2392, 49 LE2d 342) (1976); *Shaw v. State,* 239 Ga. 690,

693 (238 SE2d 434) (1977).

3. The evidence was sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 10, 1982 —
REHEARING DENIED MARCH 3, 1982 — 

*Jane Kent-Plaginos,* for appellant.

*Rafe Banks III, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney,* for appellee.