## 66153. PATRICK v. THE STATE.

BANKE, Judge.

In this appeal from his conviction of burglary, the defendant's primary contention is that the trial court should have granted him a separate trial so as to permit his co-defendant to testify on his behalf. *Held:*

1. The availability of a co-defendant's testimony is a relevant factor for the trial court to consider upon a motion to sever. However, "[i]n order to have his motion... granted, ... the defendant must show not only that his co-defendant will probably not testify at trial where he could cross-examine him or elicit the testimony desired, but also that the testimony of the co-defendant would tend to exculpate the defendant. The trial judge should also consider whether the co-defendant would be more likely to testify if they were tried separately. [Cits.]" *Cain v. State,* 235 Ga. 128, 130 (218 SE2d 856) (1975). The co-defendant did not testify at trial; however, at a hearing on the motion to sever, counsel indicated that he would refuse to testify even if separate trials were granted. This enumeration of error is consequently without merit.

2. The evidence was sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt. See *Parker v. State,* 161 Ga. App. 478 (288 SE2d 297) (1982).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED APRIL 19, 1983.

*William T. Winder,* for appellant.

*Nat Hancock, District Attorney, Timothy G. Madison, T. David Motes, Assistant District Attorneys,* for appellee.