## 67026. WILLIS v. THE STATE.

BANKE, Judge.

The defendant was stopped for speeding and then arrested for violating the Controlled Substances Act, based on the discovery of marijuana inside his vehicle. We granted an interlocutory appeal from the denial of his motion to suppress the contraband.

The arresting officer testified that he decided to search the interior of the vehicle because he could smell an odor of "fresh marijuana" coming from it and because the defendant was "acting nervous." The defendant was standing outside the vehicle at the time, and through its open door the officer was able to see a red bag on the floor in front of the seat, with a portion of a plastic bag protruding from it. After looking underneath the seat, the officer tipped the red bag towards him and observed that the plastic bag contained what appeared to be marijuana. The officer testified that in conducting this search, he was not only looking for marijuana but "for my own safety I was also looking to see if there was any kind of weapons right next to where he was sitting." We granted the defendant's application for interlocutory ·appeal based on his assertion that the legality of the search was the only issue in the case and that an immediate review of the denial of the motion to suppress would thus obviate the need for a trial. *Held:*

This case is controlled by the following language from *Kilgore v. State,* 158 Ga. App. 55 (279 SE2d 239) (1981) (cert. den.): "There was probative evidence that defendant was driving in excess of the lawful speed limit. Thus, there was evidence from which the trial court could reasonably conclude that the police officer did not overstep his bounds in stopping the defendant, arresting him for a traffic violation and conducting a protective search of the immediate vicinity of his automobile."

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 14, 1983.

*James C. Watkins, Edward E. Carter,* for appellant.
*W. Bryant Huff, District Attorney, Daniel J. Porter, Assistant*

*District Attorney,* for appellee.