## 68157. SIRMANS v. THE STATE.

DEEN, Presiding Judge.

Johnny Sirmans brings this appeal from his conviction of armed robbery. His appointed counsel has filed an Anders motion in this court requesting permission to withdraw. Counsel did not file his motion complying with the rulings in Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967), and *Bethay v. State*, 237 Ga. 625 (229 SE2d 406) (1976), until Friday, March 2, 1984, and the case was scheduled for oral argument on Tuesday, March 6, 1984. We therefore deny it.

1. Counsel enumerates as error the overruling of his objection to the admissibility of defendant's oral statement under Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

Sirmans claims that he had been drinking heavily prior to his

arrest and made his statement voluntarily while under the influence of alcohol. The arresting officer testified that the appellant had been drinking, but was not drunk. Another officer testified that he found a partially consumed bottle of whiskey, along with some beer cans, in the automobile appellant was occupying when arrested. Some of the cans were empty and some were full. While the officer felt the evidence was sufficient to arrest the defendant for driving under the influence if he had been driving, Sirmans was not unsteady on his feet, his speech was not slurred, and he was not hostile. After the arresting officer gave Sirmans his Miranda warnings, the accused indicated that he understood them and did not request an attorney. The officer who took the statement testified that the defendant understood everything that was going on, agreed to make a statement, and gave his name as "Larry Carter."

The evidence presented to the trial court showed that the in-custody statements were made knowingly and voluntarily when the defendant was rational and coherent, after he was advised of his Miranda rights. *Parker v. State*, 161 Ga. App. 478 (288 SE2d 297) (1982). We find no error in the ruling of the trial court.

2. We have examined the entire transcript and record in this case and find that no reversible error appears and that a rational trier of fact could have found from the evidence presented at trial that the appellant was guilty beyond a reasonable doubt. *Drayton v. State*, 157 Ga. App. 872 (278 SE2d 758) (1981).

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED APRIL 2, 1984.

George M. Saliba II, for appellant.
Johnny Sirmans, *pro se.*
H. Lamar Cole, District Attorney, for appellee.