71719. EISENBERGER v. THE STATE.
(340 SE2d 232)

BANKE, Chief Judge.

The defendant was convicted of improper lane changing and trafficking in marijuana. On appeal, he contends that the trial court erred in denying his motion to suppress as evidence 2,700 pounds of marijuana which were seized from his Winnebago motor home after its ostensible detention on the charge of improper lane changing. He further contends that the evidence was insufficient to support his conviction of the latter offense.

The salient facts in this case are quite similar to those in *State v. Misuraca*, 157 Ga. App. 361 (276 SE2d 679) (1981). Here, as there, the state's witnesses testified that, on the basis of information received from other law enforcement officers to the effect that the defendant had met with a known marijuana smuggler in Florida, they followed the defendant's vehicle as it proceeded north through Georgia and observed that it appeared to be overloaded, in that it sat low on its axles and swayed from side to side. One of the officers following the vehicle decided on the basis of these factors that the vehicle should be detained before it left the state. Officer Rigo of the Georgia State Patrol testified that she and her partner were part of the surveillance effort and consequently knew the vehicle was suspected of carrying contraband but that the immediate reason for stopping it was that the driver improperly changed lanes by cutting in front of another vehicle without signalling. The state's witnesses testified that, after stopping the defendant's vehicle, they perceived a strong odor of marijuana emanating from within. A subsequent search, conducted after the defendant had been escorted to one of the police vehicles, resulted in the seizure of approximately 2,700 pounds of marijuana. *Held*:

1. When a case is tried before the trial judge without a jury, as was this case, it is the judge's duty to weigh the evidence and determine the credibility of the witnesses. From our review of the record and transcript, we conclude that the evidence was sufficient to enable a rational finder of fact to find the defendant guilty of improper lane changing (OCGA § 40-6-123) beyond a reasonable doubt. See generally *Parker v. State*, 161 Ga. App. 478 (288 SE2d 297) (1982).

2. The defendant contends vigorously that the charge of improper lane changing was used merely as a pretext to stop him when there otherwise existed no lawful reason to do so. Citing such cases as *United States v. Lefkowitz*, 285 U. S. 452 (52 SC 420, 76 LE 877) (1932); *Worthington v. United States*, 166 F2d 557 (6th Cir. 1948); *United States v. Harris*, 321 F2d 739 (6th Cir. 1963); *Blazak v. Eyman*, 339 FSupp. 40 (D.Arz. 1971); *United States v. Keller*, 499 FSupp. 415 (N.D.Ill. 1980); and *United States v. Millio*, 588 FSupp. 45 (W.D.N.Y. 1984), he argues that the initial stop was consequently unlawful. However, as we have held in Division 1, supra, that there was sufficient evidence to support a conviction on the charge of improper lane changing, we must conclude that the stop of the vehicle on that charge was justified. We further hold that the stop of the vehicle was authorized based on the existence of a reasonable and articulable suspicion that it was being used to transport marijuana. The GBI officers who were present when the vehicle was stopped knew that it was traveling north after the driver had met with a known marijuana smuggler, and they had observed that it was so heavily

loaded that it rode low on its axles and swayed from side to side.

"A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." *Adams v. Williams*, 407 U. S. 143, 146 (92 SC 1921, 32 LE2d 612) (1971). "An authorized officer may stop an automobile and conduct a limited investigative inquiry of its occupants, without probable cause, if he has reasonable grounds for such action — a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing." *State v. Misuraca*, supra, 157 Ga. App. at 364. Under all the circumstances, the trial court was clearly authorized to conclude that the initial stop of the vehicle was not arbitrary or harassing.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 23, 1986 —
REHEARING DENIED FEBRUARY 5, 1986 —

*James K. Jenkins*, for appellant.
*Thomas J. Charron, District Attorney, James T. Martin, Assistant District Attorney*, for appellee.