## 74273. HARLEY v. THE STATE.
(358 SE2d 653)

SOGNIER, Judge.

Appellant was convicted at a bench trial of violating the Georgia Controlled Substances Act by possessing cocaine. In his sole enumeration of error appellant contends the trial court erred by denying his motion to suppress evidence.

The evidence disclosed that Michael McCain, a police officer on duty at Hartsfield International Airport, was summoned to the Eastern Airlines ticket counter to check on a possibly stolen, or fraudulently obtained, airline ticket. On arrival he met Becky Webb, an Eastern Airlines ticket agent, and appellant. Webb showed McCain a computer report indicating that appellant had a ticket in his possession purchased by the unauthorized use of an American Express credit card issued to one David B. Andrews. McCain talked by telephone to Dale Palacheck, an American Express employee, who verified Webb's information that appellant's airline ticket had been purchased with a stolen credit card. The ticket had been mailed to

appellant at an address in Philadelphia, Pennsylvania. Appellant was advised that he was suspected of fraudulently purchasing and possessing an airline ticket, and was advised of his constitutional rights. He was then taken to the precinct by McCain and another police officer. McCain again telephoned Palacheck, who stated that American Express would prefer charges against appellant for fraudulent use of a credit card. Appellant was then advised formally that he was under arrest on the charge by American Express. While conducting an inventory search of a bag in appellant's possession, McCain found a small package containing suspected cocaine in a shoe that was in the bag. Appellant was again advised of his rights and after stating that he understood his rights, he told McCain that he had obtained the cocaine at the Miami Airport. When asked if he had any more cocaine in his possession, appellant gave McCain two small foil packages that he took out of his billfold. McCain testified that the police are required to inventory an arrestee's personal belongings, as the belongings must be turned in and accounted for.

Appellant argues that his arrest was unlawful and thus, the subsequent search and seizure of the cocaine was unlawful. Appellant argues that because any credit card offense occurred in Pennsylvania, not in Georgia, the police had no probable cause to arrest him.

An arrest for a crime without a warrant may be made by an officer if an offense is committed in his presence, or within his immediate knowledge. OCGA § 17-4-20 (a). Clearly, under the evidence presented McCain had sufficient personal knowledge that appellant possessed an airline ticket purchased by use of a stolen credit card to justify arresting appellant without a warrant. See *Humphrey v. State*, 231 Ga. 855, 859 (1) (204 SE2d 603) (1974); *Waller v. State*, 134 Ga. App. 886, 887-888 (1) (216 SE2d 637) (1975). Since appellant's arrest was lawful the search of items within his immediate possession was lawful, not only as a search incident to a lawful arrest, *Humphrey*, supra, but also as part of an accepted police practice to inventory an arrestee's personal effects, turn them in and account for them. *Horton v. State*, 171 Ga. App. 450, 451 (1) (319 SE2d 905) (1984).

As to appellant's argument that there was no probable cause to arrest him, we have held that " 'the reasonable cause necessary to support an arrest does not demand the same strictness of proof as proof of guilt upon the trial. Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient in themselves to warrant a belief by a man of reasonable caution that a crime has been committed.' " *Moore v. State*, 174 Ga. App. 826, 827 (1) (331 SE2d 115) (1985). The facts presented to McCain by Webb and verified by Palacheck would certainly warrant a belief by a reasonable man that a crime had been committed. It was not McCain's function to determine whether jurisdiction for the offense lay in Pennsylvania

or Georgia, as jurisdiction of offenses is a question for the courts, not the arresting officer. We stated in *Horton, supra*, where there was a question as to whether Horton was an aider and abettor at the time of his arrest: "We will not hold as a matter of law that under such circumstances the conclusion by the arresting officer that Horton was at least facially an aider and abettor in a felony was unreasonable." Here, as in *Horton*, McCain's conclusion that appellant had at least facially committed an offense was reasonable. Accordingly, the trial court did not err by denying appellant's motion to suppress.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

## DECIDED JUNE 8, 1987.

*Thomas M. Martin*, for appellant.

*Robert E. Keller, District Attorney, Clifford A Sticher, Albert B. Collier, Assistant District Attorneys*, for appellee.