## 74740. WADE v. THE STATE.
(361 SE2d 266)

BIRDSONG, Chief Judge.

Following a bench trial, appellant was convicted of trafficking in

cocaine and possession of a firearm by a convicted felon. Appellant brings this appeal enumerating as error the trial court's denial of his motion to suppress. *Held*:

We affirm. Appellant was observed as he disembarked a plane at Atlanta Hartsfield International Airport by Special Agent Jordan of the Georgia Bureau of Investigation and Agent Selph of the Drug Enforcement Agency. The flight was arriving from Miami, Florida, a known drug source city. Appellant initially attracted the agents' attention because he ignored the volunteered offer of assistance from Delta agents who were offering information regarding connecting flights and yet walked a short distance up the concourse and began looking at the flight information monitors. While appellant was standing at the monitors, Agent Selph was able to look over appellant's shoulder at the name on his ticket. Selph then left to obtain appellant's flight reservation history from Delta.

Agent Jordan followed appellant as he continued up the concourse. Appellant appeared nervous, constantly looking about as if to determine whether anyone was watching him. Agent Selph then rejoined Jordan and informed him that appellant was traveling one way from Miami to Jackson, Mississippi, under the name of Terry Jackson. The ticket had been purchased shortly before the flight left Miami and was paid for by cash. Appellant's behavior and his reservation history exhibited several characteristics of the ".drug courier profile." Consequently Agents Jordan and Selph decided to interview him.

The officers, who were casually dressed, approached appellant in the public concourse. Agent Selph identified himself as a police officer, displayed his badge and credentials, and asked appellant if he could speak to him for a minute. Appellant replied: "Sure." Selph then asked if he could see appellant's airline ticket. Appellant handed him the ticket which was in the name of Terry Jackson. Selph asked appellant his name and appellant responded: "Jackson, Terry Jackson." Selph then handed the ticket back and asked if appellant had any identification. As appellant reached for his wallet, he said: "Terry Jackson is my cousin. My real name is Carlton McGrone." Appellant's driver's license identified him as Carlton McGrone. Selph handed the license back and said: "[W]e're narcotic officers. We're looking for narcotics and narcotic related evidence being transported through the [a]irport. . . . We would like for you to cooperate with us by allowing us to search your bag and your person."

At that point, appellant became very nervous and began to perspire. His voice cracked as he said he had to catch a plane. Selph assured him the search would only take a minute, but appellant started to walk off. Believing appellant had given a false name to hide his true identity and help conceal illegal activity, Agent Jordan placed

appellant under arrest for giving a false name to a law enforcement officer. OCGA § 16-10-25.

Pursuant to the arrest, 47 grams of cocaine were seized from the briefcase that appellant had been carrying. The agents later obtained a search warrant and searched appellant's checked bag from which they seized a handgun and other drug-related paraphernalia.

The initial encounter between appellant and the agents did not constitute a seizure that would give rise to Fourth Amendment protection. " 'A person has been "seized" within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.' " *Moran v. State*, 170 Ga. App. 837, 840 (1) (318 SE2d 716) (quoting *United States v. Mendenhall*, 446 U. S. 544, 554 (100 SC 1870, 64 LE2d 497)). The interview was conducted in a deferential manner, and in a conversational tone. The agents first asked for appellant's cooperation and made no display of authority beyond identifying themselves as law enforcement officers. Thus the limited and non-coercive nature of the encounter did not invoke the Fourth Amendment. See *McAdoo v. State*, 164 Ga. App. 23, 26 (1) (295 SE2d 114).

The record clearly shows probable cause for Jordan to believe appellant had committed the offense of giving a false name to a law enforcement officer with the intent to mislead. OCGA § 16-10-25. The misrepresentation was made within the presence and immediate knowledge of Agent Jordan. *Williams v. State*, 171 Ga. App. 807, 809 (1) (321 SE2d 386). Consequently the subsequent search of appellant's briefcase was permissible as a search incident to a lawful arrest. *Laws v. State*, 180 Ga. App. 528, 529 (349 SE2d 478); *Moran v. State*, supra. The trial court did not err in denying appellant's motion to suppress the evidence.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 23, 1987.

*Linda S. Cowen*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.