### 74893. WHISNANT v. THE STATE.
### 74894. HORTON v. THE STATE.
(363 SE2d 341)

BANKE, Presiding Judge.

Horton and Whisnant were convicted of jointly possessing more than one ounce of marijuana in violation of the Georgia Controlled Substances Act. On appeal, their primary contention is that the contraband should have been suppressed on the ground that it was seized during the course of an unlawful search.

The salient facts are not in dispute. Approximately 86 pounds of marijuana were seized from a rented vehicle which Horton was driving and in which Whisnant was riding as a passenger on I-75 in Catoosa County, Georgia, after Horton was pulled over for the offense of driving 65 m.p.h. in a 55 m.p.h. zone. Prior to the stop, the arrest-

ing officer, Deputy Sheriff Groover, had followed the car for several miles, during which time he had observed that it was a rental car from Miami, Florida.

Horton was immediately placed under arrest for the speeding violation, while Whisnant was held in "investigative detention." Both were taken, along with the vehicle, to the county jail, where, unable to obtain the appellants' consent to a search of the vehicle, the officers arranged for a narcotics dog to "sniff" its exterior to investigate the possible presence of illicit drugs therein. A search warrant was obtained on the basis of the dog's reaction. The ensuing search, which occurred approximately two hours after the initial stop, resulted in the seizure of the marijuana from inside certain luggage discovered in the trunk. *Held*:

1. The appellants rely on *United States v. Smith*, 799 F2d 704 (11th Cir. 1986), for the proposition that the officer's stop was a mere subterfuge to conduct an unreasonable search not founded upon probable cause. In that case, the Court made a specific finding, based on the testimony of the arresting officer, that the decision to effect the stop had been made *before* the purported traffic infringement occurred. Id. at 710, fn. 9. In the case before us, there is no suggestion that the officer decided to pursue and stop the appellants' car before the traffic violation occurred. On the contrary, the evidence shows that the officer's attention was initially drawn to the appellants' vehicle *because* it sped past him on the highway. Furthermore, although the officer admitted that he was "suspicious" that the appellants might be involved in drug activity due to a belief on his part that they met certain "drug courier profile" characteristics, he testified that he would have stopped the vehicle for the traffic violation even absent such suspicions.

The United States Supreme Court has held that the motivation of an officer, even if improper, will not invalidate an otherwise valid search conducted incident to a lawful arrest. *United States v. Robinson*, 414 U. S. 218 (94 SC 467, 38 LE2d 427) (1973). We conclude that Horton's arrest for speeding in this case was not characterized by any impropriety giving rise to a violation of his Fourth Amendment rights.

2. The appellants next contend that, even if the original stop was lawful, the subsequent search of the vehicle was invalid because it was not conducted incident to Horton's arrest for speeding but was conducted long after the vehicle had already been seized without probable cause. We agree. While the United States Supreme Court has held that a *contemporaneous* warrantless search of a motor vehicle conducted incident to the lawful custodial arrest of its driver is lawful, see *New York v. Belton*, 453 U. S. 454 (101 SC 2860, 69 LE2d 768) (1981); *United States v. Ross*, 456 U. S. 798 (102 SC 2157, 72 LE2d

572) (1982), this exception to the probable cause requirement has not been extended to circumstances such as those presented by the present case.

The rationale behind the "automobile exception" is that the exigencies surrounding the custodial arrest of a driver outweigh whatever privacy interests the driver and passengers may have in the articles and containers stored in the car. These exigencies include the danger that the suspect could grab a secreted weapon or could destroy evidence contained in the car. Although the term "contemporaneous" has been held to apply to vehicular searches conducted at roadside even after the driver has been taken into custody and separated from his vehicle (see *Curry v. State*, 155 Ga. App. 829 (273 SE2d 411) (1980); *State v. Hopkins*, 163 Ga. App. 141 (293 SE2d 529) (1982); *State v. Watkins*, 182 Ga. App. 431 (356 SE2d 82) (1987)), it has never been extended so far as to permit the impoundment of a vehicle under circumstances in which impoundment would not otherwise be permitted.

The record in this case reveals that Whisnant was not accused of any crime at the time he and Horton were taken into custody and that he was designated on the rental papers as being an authorized driver of the vehicle. The record further reveals that the appellants were never advised of any permissible alternative to impoundment of the vehicle. Indeed, the fact that Whisnant was being held in "investigatory detention" clearly indicates that no alternatives to impoundment were in fact recognized by the officers.

Impoundment of a vehicle is valid only if there is some necessity for the police to take charge of the property. See *South Dakota v. Opperman*, 428 U. S. 364 (96 SC 3092, 49 LE2d 1000) (1976). Impoundment is not permissible " '[w]hen the driver of a motor vehicle is arrested and a reliable friend is present, authorized and capable to remove [the] vehicle which is capable of being safely removed.' " *State v. Ludvicek*, 147 Ga. App. 784, 786 (250 SE2d 503) (1978). Under the facts before us, we must therefore conclude that the initial seizure of the vehicle was not authorized.

"Although the underlying command of the Fourth Amendment is always that searches and seizures be reasonable, what is reasonable depends on the context within which a search takes place." *New Jersey v. T.L.O.*, 469 U. S. 325, 337 (105 SC 733, 83 LE2d 720) (1985). Because the evidence adduced at the hearing on the motion to suppress reveals without dispute that the vehicle was seized two hours prior to the issuance of the warrant on which the search was predicated, and because the information on which the warrant was based was attributable directly to and would not have existed but for the pre-existing seizure of the vehicle, we must conclude that the trial court erred in denying the appellants' motions to suppress. Accord

*United States v. Place*, 462 U. S. 696, 709-710 (103 SC 2637, 77 LE2d 110) (1983) (holding that in the absence of probable cause, a 90-minute seizure was per se unreasonable).

3. The appellants' remaining enumerations of error are rendered moot by the foregoing.

*Judgments reversed. Carley and Benham, JJ., concur.*

DECIDED NOVEMBER 23, 1987.

*Ralph Hill, Jr.*, for appellants.

*David L. Lomenick, Jr.*, District Attorney, *David J. Dunn, Jr.*, Assistant District Attorney, for appellee.