76911. McCONNELL v. THE STATE.
(373 SE2d 111)

BIRDSONG, Chief Judge.

William Ross McConnell was tried for failure to dim headlights (OCGA § 40-8-31) and driving under the influence. He was acquitted of the charge of failure to dim headlights and convicted of driving under the influence. *Held*:

1. McConnell appears to assert that because the police officer lacked probable cause to stop him on November 22, 1986, for failure to dim headlights, he was entitled to a directed verdict of acquittal on the DUI charge. He argues that the officer and McConnell were traveling in opposite directions on a divided highway, i.e., four lanes divided by a single grassy median, which is not a "roadway" as defined by OCGA § 40-1-1 (48); therefore, he concludes his actions did not violate the express proscription of § 40-8-31. Thus, he argues, since he was not offending the law when he was stopped, the stop (and the subsequent charge of DUI) is without probable cause.

The evidence at the motion to suppress hearing showed the officer was "blinded" by the high beam lights of appellant's vehicle as they passed, and that he turned in the median to pursue appellant, the officer driving 90-100 mph to catch up and when he finally did, after three miles, he determined appellant was driving 65 mph. Appellant was not charged with speeding and the officer did not give speeding as the reason for the stop. When the officer approached appellant, he noticed appellant "was staggering, he had bloodshot eyes, [and] he had a strong odor of alcohol on his breath."

We find that whether the officer had probable cause to believe appellant had actually committed a crime in failing to dim his headlights on a divided highway, he had at least an articulable suspicion and reasonable grounds for the stop. The officer had "a founded suspicion . . . some basis from which the court can determine that the detention was not arbitrary or harassing. [Cits.]" *Coley v. State*, 177

Ga. App. 669, 670 (341 SE2d 9). Reasonable minds cannot differ that the officer's actions here were reasonable and not arbitrary and harassing but were based on a founded suspicion authorizing a brief stop. See *Eisenberger v. State*, 177 Ga. App. 673, 675 (340 SE2d 232). Moreover, the stop was authorized on grounds of speeding, whether or not appellant was charged with speeding. In *Eisenberger*, the fact that the defendant was found guilty of improper lane change certainly supported the conclusion that the stop was based on probable cause; but the fact that a defendant is found not guilty of the charge for which he was stopped, or that he in fact committed no crime, does not automatically render the stop "arbitrary or harassing."

Where we have held that probable cause is lacking in a police stop for behavior that is not unlawful, the stop was in fact completely arbitrary and harassing, because the defendant in such case was not observed to commit a crime, but simply was thought to be "up to something" when he turned off the main highway into a wooded area (*Brooks v. State*, 129 Ga. App. 109 (198 SE2d 892)); or the car was stopped when there had been no observation of the violation of a law or ordinance. *Kelly v. State*, 129 Ga. App. 131 (198 SE2d 910). An officer may in appropriate circumstances approach a person for the purpose of investigating possible criminal behavior even though there is no probable cause to make an arrest. *Terry v. Ohio*, 392 U. S. 1, 22 (88 SC 1868, 20 LE2d 889). In fact, the premise of the *Terry* decision is that a person may be stopped where there is no crime, if the officer has an "articulable suspicion" of such.

If the officer acting in good faith believes that an unlawful act has been committed, his actions are not rendered improper by a later legal determination that the defendant's actions were not a crime according to a technical legal definition or distinction determined to exist in the penal statute. It is not the officer's function to determine on the spot such matters as, e.g., jurisdiction or the legal niceties in definition of a certain crime, for these are matters for the courts. See *Harley v. State*, 183 Ga. App. 253, 254-255 (358 SE2d 653); *Meneghan v. State*, 132 Ga. App. 380, 382 (208 SE2d 150). The question to be decided is whether the officer's motives and actions at the time and under all the circumstances, including the nature of the officer's mistake, if any, were reasonable (id.) and not arbitrary or harassing. *Harley*, supra at 255.

In this case, the officer's reasonable belief that an offense had been committed, though he may have been mistaken either as to fact or law, was yet a sufficient "founding suspicion" to enable the trial court to determine the stop was not mere arbitrariness or harassment, which is the real question. This stop was not lacking in reasonable cause or articulable suspicion. *Terry*, supra. Appellant was thus not entitled to a directed verdict of acquittal for lack of probable cause to

stop.

2. The appellant argues the evidence does not show him to have been under the influence of alcohol to a degree which renders him less safe or incapable of driving safely. See *Howell v. State*, 179 Ga. App. 632 (347 SE2d 358).

This enumeration is without merit. The arresting officer gave a detailed description of appellant's behavior which had led him to suspect appellant had been driving under the influence: he could not keep his balance and his body swayed back and forth; he had a strong odor of alcohol on his breath, and his eyes were bloodshot. The officer administered field tests for sobriety (probable cause), some of which appellant passed and some he failed. In addition, appellant was given an intoximeter test, which showed .17 grams percent alcohol in appellant's blood.

These facts are ample to enable a rational trier of fact to conclude beyond a reasonable doubt that appellant did drive under the influence. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. The trial court did not err in failing to give appellant's request to charge to the jury: "I charge you that an officer of the law is not authorized to stop a vehicle unless the officer has specific articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct."

The evidence clearly showed the officer had an articulable suspicion, a "founding suspicion" to believe a crime had been committed; the stop was therefore based on reasonable cause, if not probable cause, and was not unlawful. Therefore, no harm came to the defendant by the refusal to charge this principle to the jury.

*Judgment affirmed. Banke, P. J., concurs. Beasley, J., concurs in judgment only.*

DECIDED OCTOBER 3, 1988.

*William R. Oliver*, for appellant.

*Lydia S. Jackson, Solicitor, Raymond E. George, Assistant Solicitor*, for appellee.