A89A0733. NICHOLS v. THE STATE.
(381 SE2d 593)

DEEN, Presiding Judge.

Thomas Edward Nichols was convicted of three counts of armed robbery and one count of violation of the Georgia Controlled Substances Act.

The evidence showed that the defendant and his cousin, James Nichols, left James' residence on the night in question in James' automobile. They committed three armed robberies by driving up to a convenience store, the defendant would remain inside the car, James would enter the store, brandish a knife, and demand money. After receiving it he would flee in the car.

The police officer who stopped James' vehicle because it answered the description of the one driven by the robbers testified that

the defendant was found to have a plastic bag containing cocaine residue in his pockets. He later showed the officer needle tracks on his arms and stated that he and his cousin had been partying all night long, and when they ran out of money James would go back to another store and get more money. They would then buy more "dope" and party some more.

1. Nichols first asserts the general grounds. While it is true that mere presence at the scene of a crime is not sufficient to convict one as a party to the crime, the jury may find criminal intent " 'upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted.' OCGA § 16-2-6." *Lunz v. State*, 174 Ga. App. 893, 895 (332 SE2d 37) (1985); *Kimbro v. State*, 152 Ga. App. 893 (264 SE2d 327) (1980). See also *Smith v. State*, 188 Ga. App. 415 (373 SE2d 97) (1988).

Nichols offered no reasonable explanation for his presence during the commission of the crimes and admitted that he enjoyed the fruits of the crimes. Accordingly, in applying the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we find that the evidence was sufficient to support his convictions.

2. Contrary to Nichols' assertion, we find that the arresting officer had probable cause to arrest and search him. The officer was aware that two men had either directly or indirectly participated in a series of armed robberies over a nine-hour period. The second party was reported as either a passenger in the vehicle or the driver during the getaway. After the second robbery, he was reported as making several trips to or near the store shortly before it was robbed. The arresting officer traced the license tag of the vehicle to James Nichols. He went to James' residence, and his grandmother informed the officer that the defendant had left the house with James. When the officer stopped the vehicle and discovered that the driver, James, matched the description of the robber, he arrested both of its occupants. Because a second person was reported as accompanying the robber and driving the vehicle after one of the robberies, the officer had probable cause to conclude that the defendant was a participant in the robberies, and the arrest was lawful. The ensuing search, which yielded a plastic bag containing traces of cocaine, was made pursuant to a lawful arrest. *Wade v. State*, 184 Ga. App. 289, 291 (361 SE2d 266) (1987); *Laws v. State*, 180 Ga. App. 528, 529 (349 SE2d 478) (1986).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED APRIL 19, 1989.

*James R. McKay*, for appellant.

*Stephen F. Lanier, District Attorney, Harold Chambers, Assistant District Attorney*, for appellee.