## A89A1597. THE STATE v. TINSLEY.
(390 SE2d 289)

POPE, Judge.

Defendant Van Dorn Tinsley was indicted for the offenses of possession of cocaine with intent to distribute, failure to stop at a stop sign, and driving while his license was suspended or revoked. The trial court granted defendant's motion to suppress evidence and the State appeals. *Held*:

1. Although the evidence presented at the motion to suppress hearing was somewhat conflicting, it is not disputed that Officer Tony Oxford of the Macon Police Department initially stopped the defendant on the date of the incident in question for speeding and that defendant informed Oxford he did not have a driver's license. However, because defendant's residence was nearby, Oxford allowed the defendant to park the car he was driving and walk home. Oxford also advised the defendant to refrain from driving until he obtained a driver's license. Approximately two or three hours later Oxford saw the defendant run a stop sign in the same vehicle in which he had been stopped earlier. Oxford stopped the defendant and again asked him if he had a license. The defendant again responded that he did not. Oxford testified he then placed defendant under arrest for driving without a license and proceeded to search the vehicle prior to its being impounded. Because defendant had locked the car and stated he did not have the keys, another officer was sent to get a device to open the car. Before this device could be used, however, the keys were

spotted on the floor of the backseat of Oxford's squad car where the defendant had been placed. Oxford testified approximately ten minutes elapsed between the time defendant was arrested and the search of the car commenced. The search of the car revealed, inter alia, ten small ziplock bags each of which contained a substance subsequently identified as rock cocaine.

The State argues that the trial court erred in granting the motion to suppress because the search of the vehicle here was valid as a contemporaneous search incident to the lawful custodial arrest of the defendant. We agree. In *New York v. Belton*, 453 U. S. 454 (101 SC 2860, 69 LE2d 768) (1981) the United States Supreme Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." Id. at 460. "In [*State v. Hopkins*, 163 Ga. App. 141 (293 SE2d 529) (1982), this court] found that the teaching of *Belton* was 'that a search of the passenger compartment of an automobile recently occupied by an arrestee is a valid search incident to an arrest, even if the arrestee had no "immediate control" of the area at the time the search was conducted. The decisive factor is whether the arrestee was, at the time of his *arrest*, a "recent occupant" of the automobile, not whether the automobile and its contents were in his immediate control at the time of the *search* . . . Accordingly, it cannot be urged that the Supreme Court in *Belton* authorized a search of the passenger compartment of a vehicle which is no longer physically occupied by an arrestee only in a situation where the arrestee still retains *possible* access to the car and its contents.' *State v. Hopkins*, supra, 143, 144." *State v. Watkins*, 182 Ga. App. 431, 432-33 (356 SE2d 82) (1987). Here defendant's "arrest certainly was lawful, and the fact that [there was an approximate ten minute delay between the time defendant was arrested and the search was commenced (which was due to the fact that defendant locked the door and claimed he did not have the keys)] did not render the search noncontemporaneous to the arrest." *Oswell v. State*, 181 Ga. App. 35 (351 SE2d 221) (1986). See also *Maddox v. State*, 188 Ga. App. 883 (1) (374 SE2d 810) (1988). Cf. *State v. King*, 191 Ga. App. 706 (382 SE2d 613) (1989) and *Whisnant v. State*, 185 Ga. App. 51 (2) (363 SE2d 341) (1987) (in which the searches were not contemporaneous with the arrest of the occupant of the vehicle searched).

Defendant, relying on *Mobley v. State*, 130 Ga. App. 80 (1) (202 SE2d 465) (1973), overruled on other grounds sub nom. *Patterson v. State*, 238 Ga. 204 (232 SE2d 233) (1977), and *Rowland v. State*, 117 Ga. App. 577 (161 SE2d 422) (1968), argues that a search of a vehicle may not be upheld on the basis that it was incident to a lawful arrest when the arrest was for a "mere" traffic violation. This court, how-

ever, applying the rule enunciated in *Belton*, has on several occasions upheld a search as incident to a lawful custodial arrest when the offense giving rise to the arrest was a traffic violation. See, e.g., *Oswell v. State*, supra, (in which defendant was arrested for driving with a suspended license and without insurance); *Dixon v. State*, 180 Ga. App. 222 (4) (348 SE2d 742) (1986) (in which defendant was arrested for speeding and driving without a license or proof of insurance); *Hall v. State*, 161 Ga. App. 521 (2) (289 SE2d 313) (1982) (in which defendant was arrested for driving without a license). Moreover, the court in *Mobley* simply held that a search following a traffic offense may not be conducted on the pretext of discovering the fruits or instrumentalities of the crime for which the defendant was arrested, since in the case of traffic violations there are no fruits or instrumentalities to be discovered. In Division 2, the court in *Mobley* recognized that a search of the person detained for a traffic violation as well as the area within such person's immediate presence may be conducted for other purposes, such as protecting the officer from attack. OCGA § 17-5-1 (a) (1). See also *Kilgore v. State*, 158 Ga. App. 55 (1) (279 SE2d 239) (1981). Moreover, "[t]o the extent that cases such as *Mobley* and *Rowland* state a rule of federal constitutional law, the accuracy of the rule stated therein is highly questionable since *New York v. Belton*, [supra]." *United States v. Wilson*, 853 F2d 869, 872, n. 3 (11th Cir. 1988). See also *United States v. Robinson*, 414 U. S. 218 (94 SC 467, 38 LE2d 427) (1973).

Based on the foregoing, we hold that under the circumstances of this case there was a valid search of the vehicle which defendant was driving at the time of his arrest. Consequently, the trial court erred in granting defendant's motion to suppress.

2. Because we have determined that the search was conducted as incident to the lawful custodial arrest of defendant, it is unnecessary for us to consider whether the search could also be upheld as a valid inventory search prior to the impoundment of the vehicle. See *Davis v. State*, 165 Ga. App. 231 (299 SE2d 113) (1983); *State v. Hopkins*, supra at (1); *State v. Holden*, 162 Ga. App. 33 (290 SE2d 130) (1982).

*Judgment reversed. Banke, P. J., and Sognier, J., concur.*

Decided January 16, 1990 —
Rehearing denied January 30, 1990 —

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellant.

*Anderson, Walker & Reichert, Loretta L. Pinkston*, for appellee.