## A94A0213. MARSHALL v. THE STATE.
### (444 SE2d 130)

COOPER, Judge.

Defendant was found guilty by a jury of selling cocaine in violation of the Georgia Controlled Substances Act. He appeals from the judgment of conviction entered on the verdict and from the denial of his motion for new trial.

Sergeant Mike Deaver testified that after receiving information that a man fitting defendant's description was selling illegal drugs, a confidential informant introduced Sergeant Deaver to defendant. The confidential informant told defendant that Sergeant Deaver was interested in purchasing crack cocaine, and defendant sold two small bags of suspected crack cocaine to Sergeant Deaver. The substance in both bags tested positive for cocaine. Sergeant Deaver positively identified defendant at trial as the person who sold him the cocaine. Defendant testified and denied that he was the one who sold Sergeant Deaver the drugs.

1. Defendant first argues that the evidence was insufficient to support his conviction. Based on the facts recited above, we conclude that a rational trier of fact could have found defendant guilty beyond a reasonable doubt of selling cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration of error, defendant argues that the evidence relating to the scientific testing of the cocaine should not have been admitted because the State failed to establish a sufficient chain of custody as to one of the bags of cocaine, identified at trial as

State's Exhibit 1. Sergeant Deaver testified that he gave State's Exhibit 1 to Officer Jim Freeland, who placed it in a sealed envelope and marked the outside of the envelope with his name, the case number, defendant's name and the date. Officer Freeland locked the envelope in his desk, where it stayed until he took it to the State Crime Lab. Officer Freeland identified State's Exhibit 1 as the bag he turned over to the State Crime Lab. The chemist from the Crime Lab identified it as the bag she received from Officer Freeland. "The only burden on the state is to show with reasonable certainty that the evidence examined is the same as that seized and that there has been no tampering or substitution. The state met this burden, and it was not error to admit the [exhibit]. Any confusion about the [exhibit] goes to its weight, not its admissibility, as the Georgia rule is that if the admissibility of evidence is doubtful, it should be admitted and its weight and effect should be left to the jury." (Citations and punctuation omitted.) *Dean v. State*, 211 Ga. App. 28, 30-31 (3) (438 SE2d 380) (1993). Accordingly, we find no error with the admission of the evidence.

3. Defendant argues that the trial court failed to fully advise him of his right to represent himself. After jury selection but before opening statements, defendant announced to the court that he wanted to discharge his court-appointed attorney. The judge asked defendant to explain, and defendant said he believed his attorney was not looking after his best interest and that there was a communication problem. The trial judge denied defendant's request and stated that from his observation of the case to that point, he was satisfied that defendant's counsel was providing excellent professional services. "An unequivocal assertion of the right to represent oneself, made prior to trial, should be followed by a hearing to ensure that the defendant knowingly and intelligently waives the right to counsel and understands the disadvantages of self-representation. [Defendant] did not make an unequivocal assertion of his right to represent himself prior to the commencement of his trial. While his remarks may be construed as an expression of dissatisfaction with his attorney, they cannot be construed as an assertion, much less an unequivocal assertion, of his right to represent himself." (Citations and punctuation omitted.) *Thaxton v. State*, 260 Ga. 141, 142 (2) (390 SE2d 841) (1990). Consequently, we find no merit to defendant's argument.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 10, 1994.

*John R. Greco*, for appellant.

*Thomas J. Charron, District Attorney, Russell J. Parker, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appel-

lee.