A97A0695. SPRINKLES v. THE STATE.
(488 SE2d 492)

JOHNSON, Judge.

A jury found Jimmie Sue Sprinkles guilty of possession of methamphetamine and possession of marijuana with intent to distribute. She appeals from the convictions entered on the verdict.

1. In two separate enumerations of error, Sprinkles contends the trial court improperly denied her motion to suppress evidence seized from an overnight bag she was carrying at the time of her arrest. We disagree.

"When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them." (Citation and punctuation omitted.) *Sutton v. State*, 223 Ga. App. 721, 722 (1) (478 SE2d 910) (1996).

Viewed most favorably to the trial court's decision, the evidence shows that an officer from the City of Norcross Police Department responded to a call that a white male with stringy hair was attempting to enter a black truck near room 219 of the Apartment Inn. The officer arrived at the address and saw a man fitting that description run from a black truck into room 215. The officer went to room 215, knocked on the door and waited two or three minutes until Sprinkles and another woman opened the door. When the officer asked where the man was, the women denied that any man had run into their room. Noticing that the bathroom door was closed, the officer asked if the man was in the bathroom. The women replied that he was. The officer advised the women that he was investigating a report that someone matching the description of the man he saw run into their room had been attempting to enter a black truck in the parking lot. After stating that the truck was hers, Sprinkles told the officer that she wanted to leave. The officer told Sprinkles she could not leave until he confirmed the truck was hers, met with the man in the bathroom and talked to the person who called the police. Within "a couple

of minutes," a second officer arrived and the man came out of the bathroom. As they waited for the arrival of the person who called police, Sprinkles took her purse and an overnight bag, pushed the second officer out of the doorway and began walking down the sidewalk. One of the officers told Sprinkles that if she did not come back so he could complete his investigation, she would be arrested for obstruction. Sprinkles stated she was leaving and kept walking. The officer advised her that she was under arrest and grabbed her arm in order to handcuff her. Sprinkles began yelling at and fighting the officers. They forced her to the ground, handcuffed her and placed her in the back of the police car. While she was in the police car, one of the officers looked in Sprinkles' purse for identification and, finding none, looked in her luggage. In it, he found envelopes containing $3,000 in cash and plastic bags containing substances which later tested positive for methamphetamine and marijuana. He found an additional $915 in cash in her purse.

Flight after a lawful command to halt constitutes obstruction of an officer. See *Tankersley v. State*, 155 Ga. App. 917, 919-920 (4) (A) (273 SE2d 862) (1980). And a person may commit obstruction where he knowingly and wilfully hinders an officer in investigating an offense committed by another. See *Wagner v. State*, 206 Ga. App. 180, 182 (424 SE2d 861) (1992). The officers had grounds to arrest Sprinkles for obstruction when she pushed an officer aside and left after being told the officer needed to talk to her as part of the investigation and being ordered to wait. Since the arrest was lawful, the search of items within her immediate possession was lawful as a search incident to a lawful arrest. See *Wade v. State*, 184 Ga. App. 289, 291 (361 SE2d 266) (1987); *Harley v. State*, 183 Ga. App. 253, 254 (358 SE2d 653) (1987). That Sprinkles was already in the police car and no longer had immediate control over the purse or the overnight bag she had just been carrying does not require a different result. The decisive factor is whether she was, at the time of the arrest, in recent possession of the object being searched. See generally *State v. Tinsley*, 194 Ga. App. 350, 351 (1) (390 SE2d 289) (1990). The search was also lawful as part of an accepted police practice to inventory an arrestee's personal effects, turn them in, and account for them. See *Harley*, supra; see *Garner v. State*, 154 Ga. App. 839, 842 (2) (269 SE2d 912) (1980).

2. The trial court did not abuse its discretion in permitting the state to introduce evidence of chain of custody in reverse order. "The order of presentation of evidence is a matter that rests within the trial court's discretion which will not be controlled unless abused." (Citations and punctuation omitted.) *McKinney v. State*, 218 Ga. App. 633, 636 (4) (463 SE2d 136) (1995). "The only burden on the state is to show with reasonable certainty that the evidence examined is the

same as that seized and that there has been no tampering or substitution. The state met this burden, and it was not error to admit the [evidence]. Any confusion about the [evidence] goes to its weight, not its admissibility." (Citation and punctuation omitted.) *Marshall v. State*, 213 Ga. App. 186, 187 (2) (444 SE2d 130) (1994). We find no error with the admission of the evidence.

3. Sprinkles' final enumeration, that the trial court erred in denying her motion for directed verdict of acquittal, is not supported by argument or citation of authority and is deemed abandoned. See Court of Appeals Rule 27 (c) (2). In any event, because there was conflicting evidence and the evidence introduced did not demand a verdict of acquittal, this enumeration is without merit. See *Duckworth v. State*, 223 Ga. App. 250, 254 (3) (477 SE2d 336) (1996).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JUNE 16, 1997 —
RECONSIDERATION DENIED JULY 3, 1997 — 

*Kenneth D. Webb, Jerome C. Ware*, for appellant.
*Daniel J. Porter, District Attorney, Karen E. Reed, Assistant District Attorney*, for appellee.