## A03A1445. HILL v. THE STATE.
(587 SE2d 843)

PHIPPS, Judge.

Paris Hill appeals his conviction of possessing cocaine with the intent to distribute,[1] contending that the trial court erred by denying his motion to suppress evidence of the cocaine on the ground that the state illegally obtained it. Because the trial court did not err, we affirm.

---

[2] *State v. Freeman*, 264 Ga. 276, 278 (444 SE2d 80) (1994).
[1] Charges of simple battery and possession of marijuana were dead docketed.

A trial judge who hears a motion to suppress sits as the trier of facts.[2] The judge's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous and should not be disturbed by a reviewing court if there is any evidence to support it.[3] A reviewing court must construe the evidence most favorably to upholding the trial court's findings and judgment.[4]

In this case, the trial judge heard conflicting accounts of how the cocaine was found and determined that the police officers' version was more credible. According to the officers, Officer Charles Brown responded to a domestic call at Hill's residence. Hill's wife told Brown that Hill had choked her, kicked her, thrown her to the ground, and then left the scene. She stated that Hill could be found at a beauty salon that was under construction. The officer went to the salon to investigate. Because Hill's wife had told him that Hill was known to carry a handgun, Brown called for backup.

When the backup officer arrived at the salon, the two officers went inside, where there were three or four men. Brown approached one of them, who identified himself as Hill. Brown asked Hill to step away from the other men and then inquired about what had happened between him and his wife. Hill stated that an argument between him and his wife had escalated into a physical fight. Brown asked Hill whether he had a handgun and requested his identification. Hill told Brown that he had a handgun and that it and his identification were in a black bag that was lying on a table less than a foot from where Hill was standing. Brown then placed Hill in custody for simple battery, cuffing his hands behind his back. Brown retrieved the black bag, unzipped it, and saw not only the gun, but also a powdery substance, later stipulated to be cocaine.

We find no error in the trial court's denial of Hill's motion to suppress. Hill does not contest the lawfulness of his arrest, and the search of the bag within his immediate possession was lawful as a search incident to his arrest.[5] It does not matter that he was in handcuffs at the time the police searched the bag.[6] "The decisive factor is whether [he] was, at the time of [his] arrest, in recent possession of the [item] being searched."[7] Additionally, "[t]he search was also [valid] as part of an accepted police practice to inventory an arrestee's personal effects, turn them in, and account for them."[8]

---

[2] *Tate v. State*, 264 Ga. 53 (440 SE2d 646) (1994).

[3] Id.

[4] Id.

[5] See *Sprinkles v. State*, 227 Ga. App. 112, 113 (1) (488 SE2d 492) (1997) (search of defendant's purse and overnight bag lawful as search incident to arrest).

[6] Id.

[7] Id.

[8] Id.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 24, 2003.

*Charles E. Rooks*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.